IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TONY KOVACEVIC,                                           CV. 05-512-PK
          Plaintiff,

v.                                                        FINDINGS AND
                                                          RECOMMENDATION

JOANNE B. BARNHART,
Commissioner of Social Security,
          Defendant.

PAPAK, Magistrate Judge:

INTRODUCTION

Plaintiff Tony Kovacevic ("Kovacevic") brings this action for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Social Security disability insurance benefits ("DIB") under Title II of the Social Security Act. This court has jurisdiction under 42 U.S.C. § 405(g). The Commissioner filed a motion for remand to the agency under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. Plaintiff requests a remand for payment of benefits. For the reasons set forth below, this court recommends granting the Commissioner's motion and remanding this

case for further administrative proceedings consistent with this opinion.

## BACKGROUND

Kovacevic was 56 years old at the time of the hearing. He had a high school education plus two years of college. He worked in the past as a journeyman maintenance electrician.

Kovacevic alleges disability based on coronary artery disease, coronary artery bypass surgery, hypertension, hyperlipidimia, right inguinal hernia repair, left hernia, permanent right and left knee damage, and left ear hearing loss with continuous ear ringing. AR 19.[1] He reports exertional fatigue, decreased energy, uncontrolled high blood pressure, lightheadedness, and chronic fatigue. AR 224. He was laid off after 27 years of work as a journeyman electrician for a chemical plant on May 27, 2001. After being laid off, he obtained employment as an electrician at a bakery in 2002, but testified that he was not able to perform the duties of his job due to physical limitations and stress that increased his blood pressure and caused him to quit after three weeks. AR 239.

Kovacevic alleges that he cannot work because he has difficulty remembering things and significant physical limitations as a result of his coronary bypass surgery in 1998. Kovacevic testified that when he returned to work after surgery, his co-workers had to help him perform both the physical and mental duties of his job, including lifting items and inputting data into a computer. AR 246-47. He also alleges that stress causes his blood pressure to rise. AR 146, 242.

Kovacevic protectively filed an application for DIB benefits on October 16, 2002,

---

[1]Citations are to the page(s) indicated in the official transcript of the administrative record filed with the Commissioner's Answer.

Page 2 - FINDINGS AND RECOMMENDATION

alleging disability beginning May 7, 2001. The application was denied initially and upon reconsideration. On September 14, 2004, a hearing was held before an Administrative Law Judge ("ALJ"). In a decision dated October 29, 2004, the ALJ found Kovacevic not disabled and therefore not entitled to benefits. On February 16, 2005, the Appeals Council denied Kovacevic's request for review, making the ALJ's decision the final decision of the Commissioner. Kovacevic seeks judicial review of the Commissioner's decision. The Commissioner has moved to remand this matter to the agency for further administrative proceedings to correct legal errors made by the ALJ. Kovacevic agrees that the ALJ's decision must be reversed because it contains legal errors, but opposes a remand for further proceedings and favors a remand for an immediate award of benefits.

## STANDARDS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The initial burden of proof rests upon the claimant to establish his or her disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal

Page 3 - FINDINGS AND RECOMMENDATION

standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, if "the evidence is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

Where parties agree that remanding the Commissioner's decision is appropriate, the decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000). "The proper course, except in rare circumstances, is to remand to the agency for further investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (per curiam), quoting Florida Power and Light Company v. Lorian, 470 U.S. 729, 744 (1985); see also Moisa v. Barnhart, 367 F.3d 882, 886-87 (9th Cir. 2004) (remand appropriate in most cases).

## MEDICAL RECORDS

The medical records accurately set forth Kovacevic's medical history as it relates to his claims. The court has carefully reviewed the records, and the parties are familiar with them. Accordingly, only a brief summary appears below.

In November 1998, Kovacevic was diagnosed with coronary artery disease and underwent coronary bypass surgery. He returned to work after two months. Kovacevic continued to have high blood pressure, hypertension and high cholesterol post-surgery. He also

Page 4 - FINDINGS AND RECOMMENDATION

claimed to have exertional fatigue, decreased energy and lightheadedness.

In 2001 and 2004, Kovacevic underwent right and left inguinal hernia surgeries from which he still reports tenderness on exertion. He has permanent damage to both knees, one as a result of a miliary injury, and one due to a work-related accident. Kovacevic also has high frequency hearing loss in his left ear and reports ongoing ringing in that ear. He has been placed on a number of prescription drugs including nitrostat for chest pain, atenolol and privinil to control blood pressure, lovastatin to control cholesterol, and aspirin as a blood thinner.

## DISABILITY ANALYSIS

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. Below is a summary of the five steps, which also are described in Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999):

Step One. The ALJ determines whether claimant is engaged in substantial gainful activity. If so, claimant is not disabled. If claimant is not engaged in substantial gainful activity, the ALJ proceeds to evaluate claimant's case under step two. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Step Two. The ALJ determines whether claimant has one or more severe impairments significantly limiting him from performing basic work activities. If not, the claimant is not disabled. If claimant has a severe impairment, the Commissioner proceeds to evaluate claimant's case under step three. 20 C.F.R. §§ 404.1520(c), 416.920(c).

Step Three. The ALJ next determines whether claimant's impairment "meets or equals" one of the impairments listed in the Social Security Administration ("SSA") regulations found at

Page 5 - FINDINGS AND RECOMMENDATION

20 C.F.R. Part 404, Subpart P, Appendix 1.  If so, claimant is disabled.  If claimant's impairment does not meet or equal one listed in the regulations, the ALJ's evaluation of claimant's case proceeds under step four.  20 C.F.R. §§ 404.1520(d), 416.920(d).

Step Four.  The ALJ determines whether claimant has sufficient residual functional capacity ("RFC") despite the impairment or various impairments to perform work he or she has done in the past.  If so, claimant is not disabled.  If claimant demonstrates he or she cannot do work performed in the past, the ALJ's evaluation of claimant's case proceeds under step five.  20 C.F.R. §§ 404.1520(e), 416.920(e).

Step Five.  The ALJ determines whether claimant is able to do any other work.  If not, claimant is disabled.  If the ALJ finds claimant is able to do other work, the ALJ must show a significant number of jobs exist in the national economy that claimant can do.  The ALJ may satisfy this burden through the testimony of a vocational expert ("VE") or by reference to the Medical-Vocational Guidelines found at 20 C.F.R. Part 404, Subpart P, Appendix 2.  If the ALJ demonstrates a significant number of jobs exist in the national economy that claimant can do, claimant is not disabled.  If the ALJ does not meet this burden, claimant is disabled.  20 C.F.R. §§ 404.1520(f)(1), 416.920(f)(1).

At steps one through four, the burden of proof is on the claimant.  Tackett, 180 F.3d at 1098.  At step five, the burden shifts to the ALJ to show that the claimant can perform jobs that exist in significant numbers in the national economy.  Id.

## THE ALJ'S FINDINGS

At step one, the ALJ found that Kovacevic had not engaged in substantial gainful activity

at any time since the alleged onset date. AR 19.[2] This finding is not in dispute. At step two, the ALJ found that Kovacevic had the following severe impairments: arthrosis of the knees, and coronary artery disease with a history of hypertension and hyperlipidemia. AR 20. This finding is not in dispute. At step three, the ALJ found that none of Kovacevic's impairments met or equaled a listing. AR 21. This finding is not in dispute.

In determining residual functional capacity (RFC), the ALJ found that Kovacevic retained the ability to perform light work, with postural limitations of no squatting and only occasional crouching, crawling or kneeling. AR 23. This finding is in dispute.

At step four, the ALJ found that Kovacevic was unable to perform any of his past relevant work. AR 23. This finding is not in dispute. At step five, relying on the testimony of a vocational expert ("VE"), the ALJ found that Kovacevic could work as an electrical harness assembler, an electric motor assembler, and an electric tester, and was therefore not disabled. AR 24. This finding is in dispute.

## DISCUSSION

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. Harman, 211 F.3d at 1178. The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989) (citation omitted). Improperly rejected evidence

---

[2]The ALJ found that Kovacevic's three weeks of work in 2002 as an operating engineer in a bakery was an unsuccessful work attempt because of its short duration with minimal earnings. AR 19.

Page 7 - FINDINGS AND RECOMMENDATION

should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman, 211 F.3d at 1178, quoting Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

The Commissioner argues that remand is necessary to allow an ALJ to: (1) further consider the opinions of William Nyone, M.D.; (2) further consider Kovacevic's subjective complaints and credibility; (3) further consider the statements of Kovacevic's son; (4) further consider Kovacevic's residual functional capacity; and (5) if warranted, obtain supplemental vocational expert evidence.

Opinions of William Nyone, M.D.

Dr. William Nyone, M.D. was Kovacevic's treating physician. On September 24, 2002, and again on April 19, 2004, Dr. Nyone opined that Kovacevic should be considered disabled[3] and unable to perform his work responsibilities in light of his medical problems. AR 146, 177. The ALJ rejected Dr. Nyone's opinions and both parties agree that he did not provide sufficiently specific reasons as to why he was rejecting them, and did not specify what medical evidence in the record supported the ALJ's conclusions. See Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988).

Specifically, the ALJ erred by not addressing a long list of limitations that Dr. Nyone

---

[3]The court notes that the determination as to whether a claimant is "disabled" is reserved to the Commissioner. SSR 96-5p.

Page 8 - FINDINGS AND RECOMMENDATION

ascribed to Kovacevic and by rejecting Dr. Nyone's opinion that Kovacevic was limited to lifting and carrying less than 10 pounds occasionally, and needed to periodically alternate between sitting and standing.  AR 22.  Generally, a treating physician's opinion is afforded the greatest weight in disability cases because the treating physician is employed to cure and has the best opportunity to know and observe the patient as an individual.  Ramirez v. Shalala, 8 F.3d 1449, 1453 (9th Cir. 1993) (citation omitted).

The ALJ may not reject a treating physician's opinion without specifying what evidence in the record contradicts that opinion.  An ALJ may conclude that a treating physician's opinion is not entitled to controlling weight if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record.  20 C.F.R. § 404.1527(d)(2).  Here, however, the ALJ rejected Dr. Nyone's opinions outright and with no explanation or with a general explanation that Dr. Nyone's opinions were not supported by test results or other objective findings, without specifying how the objective findings support an alternate opinion.  On remand, limitations assessed by Dr. Nyone as to Kovacevic's ability to lift and carry less than 10 pounds occasionally and his need to periodically alternate between sitting and standing should be addressed.

The ALJ also committed error in failing to explain his conclusion that "claimant's blood pressure has been controlled with medications for the last few years."  AR 22.  The ALJ cited two points in the medical record following this conclusion, but did not address Kovacevic's elevated blood pressure on several visits to Dr. Nyone. See, e.g., AR 148, 160, 203, 205.  The ALJ also failed to address Dr. Nyone's ongoing treatment of Kovacevic with increasing amounts of blood pressure medication. AR 211.  Thus the ALJ's conclusion was not supported by the

Page 9 - FINDINGS AND RECOMMENDATION

record.

The ALJ gave "significant weight" to two DDS assessments of Kovacevic's medical records performed on January 21, 2003, and June 5, 2003. AR 23. A non-examining physician's opinion is given the least relative weight compared to a treating physician or an examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). These reviewing physicians found that he retained the residual functional capacity to perform medium exertion work with some postural limitations, including no squatting and only occasional kneeling, crouching and crawling. AR 117, 176. The ALJ found that these assessments were "consistent with evidence in the record" but did not specify to what evidence he was referring.

This court finds that the ALJ erred in his evaluation of Dr. Nyone's opinions and the opinions of the DDS reviewing physicians. However, this court is not convinced that Dr. Nyone's opinions, if credited fully, would necessitate a finding of disability. With no other treating or examining sources in the record and a paucity of medical evidence provided by Dr. Nyone, this court recommends on remand that Kovacevic be examined by another physician to assess Kovacevic's limitations or that Dr. Nyone be re-contacted to provide a more complete assessment in a form other than check-the-box.[4]

Subjective Symptom Testimony and Credibility

The ALJ found Kovacevic's testimony generally credible to the extent that he had "medically determinable impairments that do cause vocationally relevant limitations, but not to the extent his impairments preclude him from engaging in all basic work activities." AR 21.

---

[4] See Crane v. Shalala, 76 F.3d 252, 253 (9th Cir. 1996) (finding that the ALJ permissibly rejected three psychological evaluations because they were check-off reports and did not contain explanations for the physicians' conclusions).

Page 10 - FINDINGS AND RECOMMENDATION

If there is medical evidence of an underlying impairment, the ALJ may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.  See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc).  "Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be 'clear and convincing.'" Lester v. Chater, 81 F.3d at 834 (citation omitted).  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  Id.  In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains.  Smolen v. Chater, 80 F.3d at 1284 (citations omitted).

The ALJ made several errors that warrant a remand for further consideration of Kovacevic's subjective symptoms and credibility.  First, the ALJ found Kovacevic not totally credible because "[t]he medical evidence of record does not support the claimant's allegations he is unable to perform basic work activities due to limitations resulting from his 'severe' medical impairments."  AR 21.  However, the ALJ failed to specify what medical evidence undermined Kovacevic's allegations.  See Lester, 81 F.3d at 834; see also SSR 96-7p.  Second, the ALJ stated that "[t]he claimant's allegations as to the intensity, persistence and limiting effects of these symptoms are disproportionate and not supported by the objective medical findings."  AR 21.  However, the ALJ once again did not explain what medical evidence supported his conclusion.  Third, the ALJ rejected Kovacevic's subjective complaints because after Kovacevic's coronary

Page 11 - FINDINGS AND RECOMMENDATION

bypass surgery in November 1998, he returned to his previous job and remained there until he was laid off on May 7, 2001. AR 21. However, the ALJ does not address Kovacevic's testimony that post-surgery he was not able to perform the physical and mental requirements of his job such that his co-workers had to help him complete tasks such as lifting motors and filling out questionnaires on a computer. AR 239, 246-47. Kovacevic testified that since his surgery, he was no longer able to spell his own name. AR 247. It was error for the ALJ to ignore this testimony and to not inquire further as to Kovacevic's alleged cognitive impairment or order a further evaluation. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (describing the ALJ's duty to develop the record to ensure that the claimant's interests are considered); see also 20 C.F.R. § 404.1519a(b)(4).

      The ALJ also failed to account for other testimonial and evidentiary inconsistencies in the record. First, the ALJ failed to account for inconsistencies in the duration and degree of exercise Kovacevic testified he was capable of performing between November 3, 2002, and September 13, 2004, the date of the hearing. AR 22 (ALJ describing Kovacevic as exercising for two hours per day and walking for two miles without resting in 2002); AR 258-59 (testimony of Kovacevic in 2004 that he only swims a few laps every other day but really spends most of his time in the water socializing, and only walks around the block once or twice for exercise). Second, the ALJ failed to account for Kovacevic's numerous high blood pressure readings in Dr. Nyone's chart notes and found that the medical records "indicate the claimant's blood pressure had been controlled with medications for the last few years." AR 22. The ALJ's failure to address these issues in evaluating Kovacevic's impairments and his RFC is error.

      Because unresolved issues exist with regard to Kovacevic's subjective symptoms and

Page 12 - FINDINGS AND RECOMMENDATION

credibility, this court recommends remanding for reconsideration of Kovacevic's testimony. The court is not required to credit evidence and remand for payment of benefits when unresolved issues remain. Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003). Here, the court notes there are aspects of Kovacevic's testimony that the ALJ may have properly discredited based on evidence in the record, such as a chart note from Dr. Amy Morris in May 2004 indicating that Kovacevic reported that he frequently engaged in heavy lifting or straining. AR 199. Also, Dr. Nyone opined on one visit that Kovacevic's blood pressure may have been elevated due to the stress of having his son deployed to Iraq. AR 177. This evidence may undermine Kovacevic's credibility. See Tonapetyan v. Halter, 242 F.3d at 1148 (finding that the ALJ may consider inconsistencies in evaluating credibility). Kovacevic argues that his subjective complaints should be credited as true because they were improperly rejected by the ALJ. However, under the second part of the Smolen test described above, this court must find there are no unresolved issues before it may credit improperly rejected evidence and remand for an award of benefits. Smolen, 80 F.3d at 1292. This court recommends remand for further administrative proceedings on the issues of Kovacevic's credibility and subjective symptoms.

Tesimony of Kovacevic's Son

The ALJ improperly rejected the letter submitted by L.M. Kovacevic, M.D., claimant's son. Although he is a physician, the letter clearly was submitted as lay witness testimony and the ALJ was required to give specific reasons for rejecting it. The ALJ dismissed Dr. Kovacevic's statement as being of "limited use" in part because of the father/son relationship between Dr. Kovacevic and the claimant. AR 22. An ALJ may not reject the testimony of a lay witness because he is a family member. Smolen, 80 F.3d at 1289. The ALJ also rejected Dr.

Page 13 - FINDINGS AND RECOMMENDATION

Kovacevic's opinion that "the claimant is not able to work primarily due to cognitive and motor deficits, and depression resulting from the coronary artery bypass surgery."  AR 22.  The ALJ found that the impairments laid out by Dr. Kovacevic were not supported by medical evidence in the record.  However, Dr. Nyone had diagnosed depression and mild limitation in concentration, persistence and pace in September 2004, albeit in a check-the-box format.  AR 224-25.  Kovacevic himself had also testified to cognitive deficits.  AR 246-47.  Dr. Kovacevic's letter also represented the opinion of a lay witness who is a licensed physician and may be competent to substantiate diagnoses in addition to providing evidence as to whether claimant's impairments affect his ability to work.  See Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987); see also 20 C.F.R. § 404.1513(d)(4).

Finally, with so many references to Kovacevic's cognitive difficulties, the ALJ had a duty to develop the record on this issue.  See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991) (explaining that the Commissioner shares the burden of developing the record).

Because the ALJ failed to properly consider L.M Kovacevic's statement as a lay witness, and failed to adequately develop the record regarding Kovacevic's cognitive impairments, this matter should be remanded for further administrative proceedings.

Residual Functional Capacity ("RFC")

The Commissioner argues that reconsideration of Dr. Nyone's medical opinions, Kovacevic's subjective symptoms and credibility, and the statement of L.M. Kovacevic necessitate reevaluation of Kovacevic's residual functional capacity.  In the sequential evaluation process, the ALJ must make an RFC determination before reaching steps four and five.  Here, Kovacevic asserts that the ALJ erred at step five in finding him capable of performing other

work based on an RFC to perform light exertion work with postural limitations. AR 23. Because this court agrees that reconsideration of evidence in the record and any new evidence may influence the RFC determination, this court recommends remand to reevaluate Kovacevic's RFC.

Supplemental Vocational Expert ("VE") Evidence

Relying on VE testimony, the ALJ found that Kovacevic could work as an electrical harness assembler, an electric motor assembler, and electric tester. AR 24. The ALJ also concurred with what he described as the VE finding that Kovacevic had transferable skills. AR 23.

As noted above, the ALJ must make an RFC determination before reaching step five of the sequential analysis and considering testimony of a VE. Because this court recommends reevaluation of the RFC based on reconsideration of other evidence in the record, if another hearing is scheduled, the ALJ should elicit supplemental VE testimony based on that new RFC. However, even if the RFC is unchanged upon remand, this court recommends supplemental VE testimony because the VE here failed to identify which of Kovacevic's skills met the requirements of the semi-skilled and skilled jobs he testified Kovacevic was capable of performing. AR 265-66. Also, the ALJ misstated the VE's testimony in that the VE never testified that Kovacevic had transferable skills. The ALJ's decision therefore did not accurately address whether Kovacevic had transferable skills from the performance of past work, and did not identify the skills and the occupation(s) to the which the skills would be transferable as required by SSR 82-41. The ALJ's finding at step five was improper and should be reconsidered.

///

Page 15 - FINDINGS AND RECOMMENDATION

///

## CONCLUSION

For the foregoing reasons, this court recommends granting the Commissioner's motion for remand (#13) pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due September 6th, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 21st day of August, 2006.

    /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge